IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| ESTATE OF BRENT RENARD RICHARDSON, JR., by Next of Kin PATRICE RICHARDSON,      Plaintiff, v. CORECIVIC, et al.,      Defendants. | No. 1:24-cv-01128-STA-jay |

## ORDER GRANTING MOTION TO DISMISS OF GOVERNOR WILLIAM B. LEE AND STATE OF TENNESSEE

Plaintiff, Patrice Richardson, as Personal Representative of the Estate of Brent Renard Richardson, Jr., has filed this action against Whiteville Correctional Facility ("WCF") and its owner CoreCivic, WCF officers, individually and officially, the State of Tennessee, and Tennessee Governor William ("Bill") B. Lee. Plaintiff brings her claims under 42 U.S.C. § 1983 for violations of the Eighth and Fourteenth Amendments, negligence under Tennessee law, and related constitutional and statutory violations. (ECF No. 19.) Governor William B. Lee and the State of Tennessee have filed a motion to dismiss (ECF No. 24) on the grounds of lack of standing, sovereign immunity, and failure to state a claim upon which relief can be granted pursuant to Rules 12(b)(1) and (b)(6) of the Federal Rules of Civil Procedure. Plaintiff has filed a response to the motion (ECF No. 31), and Defendants have filed a reply to the response. (ECF No. 33.) For the reasons set forth below, the motion to dismiss is **GRANTED**.[1]

---

[1] Defendants CoreCivic, Chance Leeds, Kendrick Smith, and the WCF entities have also filed a motion to dismiss. (ECF No. 23.) That motion is the subject of a separate order.

Standard of Review

Federal Rule of Civil Procedure 12(b)(1) allows dismissal for "lack of jurisdiction over the subject matter" of claims asserted in the complaint. "When subject matter jurisdiction is challenged under Rule 12(b) (1), the plaintiff has the burden of proving jurisdiction in order to survive the motion." *Madison–Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir.1996). Court treated Eleventh Amendment immunity challenges as an issue of subject matter jurisdiction. *See, e.g.*, *Mixon v. State of Ohio*, 193 F.3d 389 (6th Cir. 1999).

A defendant may also move to dismiss a complaint for failure to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). In order to avoid dismissal under Rule 12(b)(6), a plaintiff must include in its pleading "either direct or inferential allegations respecting all material elements necessary for recovery under a viable legal theory." *Luis v. Zang*, 833 F.3d 619, 625–26 (6th Cir. 2016) (quoting *Kreipke v. Wayne St. Univ.*, 807 F.3d 768, 774 (6th Cir. 2015)). When assessing the sufficiency of a complaint, the Court must view the factual allegations in the light most favorable to the plaintiff. *Taylor v. City of Saginaw*, 922 F.3d 328, 331 (6th Cir. 2019) (citing *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012)). While the Court must accept all the well-pleaded factual allegations of the pleading as true, the Court need not accept legal conclusions masquerading as fact claims. *Wood v. Moss*, 572 U.S. 744, 757 n.5 (2014) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)).

A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this standard does not require "detailed factual allegations," it does require more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Iqbal*, 556 U.S. at 681; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In the final analysis, the plaintiff must allege facts that, if accepted as true, are sufficient "to raise a right to relief above the speculative level" and to "state a

claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 555. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is Liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

When a defendant moves to dismiss a case pursuant to both Rule 12(b)(1) and (b)(6), as in the present case, the Court must consider the Rule 12(b)(1) motion first because, if the Court lacks subject matter jurisdiction, the Rule 12(b)(6) motion is moot. *Kadura v. Lynch*, 2017 WL 914249, at *1 (E.D. Mich. Mar. 8, 2017) (citations omitted).

<u>Analysis</u>

The Court will accept the following facts as true for the purpose of deciding this motion only. On June 28, 2023, Brent Richardson ("the Decedent"), an inmate at Whiteville Correctional Facility ("WCF"), was found unresponsive in his cell. Correctional Officers William Delgado and Shift Supervisor Kendrick Smith initiated CPR and administered doses of Narcan. The Decedent was transported to Bolivar General Hospital, where he was later pronounced deceased. Plaintiff alleges that CoreCivic and the State of Tennessee (through the Department of Correction) were aware of the drug problem within the facility and yet failed to implement adequate measures to prevent the introduction and distribution of drugs within the facility. She also alleges that Governor Lee was responsible for the overall administration and oversight of the State's correctional facilities. According to Plaintiff,

> Tennessee's decision to contract with CoreCivic for managing Whiteville Correctional Facility was driven by economic and logistical needs, including budget constraints, overcrowding, and staffing shortages. However, this arrangement does not absolve the state of its constitutional responsibility to ensure the safety and well-being of inmates held on state criminal charges.

(Amd. Cmplt. para. 29, ECF No. 19.)

Defendants first argue that Plaintiff lacks standing to bring suit against them. Under Article III a "plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged

3

conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1543 (2016); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992). "Since they are not mere pleading requirements but rather an indispensable part of the plaintiff's case, each element must be supported in the same way as any other matter on which the plaintiff bears the burden of proof." *Ward v. Nat'l Patient Acct. Servs. Sols., Inc.*, 9 F.4th 357, 361-62 (6th Cir. 2021) (quoting *Lujan*, 504 U.S. at 561)).

The Sixth Circuit addressed the issue of standing to sue the governor of a state in *Doe v. Lee*, 102 F.4th 330 (6th Cir. 2024).

> To establish standing to sue the governor of a state, Plaintiffs must do more than allege that Governor Lee may harm them, or that he theoretically possesses the power to do so; "[w]e need specific, plausible allegations about what the Governor has done, is doing, or might do to injure plaintiffs." *Universal Life Church Monastery Storehouse v. Nabors*, 35 F.4th 1021, 1031 (6th Cir. 2022). Without such a showing, Plaintiffs fail to allege the second and third elements of standing: traceability and redressability. *Id*. at 1032 (stating that even with a showing of harm, no order of the court against the Governor would remedy plaintiffs' injuries).
>
> While it is true that governors often possess a general "take care" power to see that the laws of the state are enforced, it is well established that such power is insufficient, by itself, to confer standing. *Id.* Therefore, although Tennessee's governor is tasked with such a duty by virtue of Article III, Section 10 of the Tennessee Constitution, a "general allegation about the Governor's 'take care' power does not suffice to invoke federal jurisdiction." *Nabors*, 35 F.4th at 1031.

*Doe*, 102 F.4th at 335.

In the present case, Plaintiff attempts to hold Governor Lee liable under the theory of respondeat superior. However, it is well-settled that § 1983 liability cannot be premised solely on a theory of respondeat superior or the right to control employees. *Hays v. Jefferson Cnty.*, 668 F.2d 869, 872 (6th Cir. 1982). In particular, "Governors may not be held liable for the unconstitutional conduct of their subordinates on a theory of respondeat superior." *Does v. Whitmer*, 69 F.4th 300, 308 (6th Cir. 2023). Here, as in *Does v. Whitmer*, the "only connection between the governor[] and the alleged injuries is the governor['s] generalized responsibility to enforce the law and [his]

4

supervisory authority over [TDOC]. That connection is too 'attenuated'" to be actionable. *Id.* (citation omitted). Neither Governor Lee nor the State of Tennessee can be held liable for a civil rights violation absent personal involvement on their part, which is lacking in this case. Accordingly, the motion to dismiss is granted on this ground.

Alternatively, both Governor Lee and the State of Tennessee are immune from a suit for damages under the Eleventh Amendment. The Eleventh Amendment bars private individuals from suing a state for money damages in federal court unless the state consents or Congress has otherwise abrogated the state's immunity. As the Supreme Court has explained, "The ultimate guarantee of the Eleventh Amendment is that non-consenting States may not be sued by private individuals in federal court." *Board of Trustees of the University of Alabama v. Garrett*, 531 U.S. 356, 363 (2000). "Congress has not abrogated state sovereign immunity in suits under 42 U.S.C. § 1983." *Hutsell v. Sayre*, 5 F.3d 996, 999 (6th Cir. 1993) (citation omitted). Accordingly, Plaintiff may not sue Governor Lee or the State for money damages. *See Fouse v. Tennessee*, 2016 WL 4194245, at *2 (W.D. Tenn. Aug. 8, 2016) ("Supreme Court precedent holds that actions against state officials and state employees sued in their official capacities for monetary damages are the equivalent of actions against the state itself.") Because the Court lacks subject matter jurisdiction any claim for money damages, the motion to dismiss of Governor Lee and the State of Tennessee must be granted on this ground as well as the ground of lack of standing.

The Supreme Court recognized an exception to the general rule of sovereign immunity in *Ex parte Yo*ung for plaintiffs who seek injunctive relief against individual state officials when sued in their official capacities. *Diaz v. Michigan Dept. of Corrs.*, 703 F.3d 956, 964 (6th Cir. 2013) (citing *Ex parte Young*, 209 U.S. 123 (1908). To fall within the exception, a plaintiff must seek prospective relief to end a continuing violation of federal law. *Id.* Despite Plaintiff's assertion to the contrary in her response, she did not ask for injunctive relief in her amended

5

complaint. Instead, she seeks actual, compensatory, consequential, and incidental damages, punitive damages, and attorney fees and costs. Governor Lee and the State of Tennessee are entitled to Sovereign Immunity because there is no request for injunctive relief so as to invoke *Ex parte Young*.

In summary, Plaintiff lacks standing to sue Governor Lee and the State of Tennessee, and, alternatively, Governor Lee and the State of Tennessee are entitled to sovereign immunity under the Eleventh Amendment. Thus, their motion to dismiss is **GRANTED**, and they are **DISMISSED** from this action.

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: April 24, 2025.