IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| PATRICE RICHARDSON, Individually And as Personal Representative of the ESTATE OF BRENT RENARD RICHARDSON, JR., and as Next of Kin and Mother,<br><br>      Plaintiff,<br><br>v.<br><br>CORECIVIC, owner and operator of WHITEVILLE CORRECTIONAL FACILITY,  WHITEVILLE CORRECTIONAL FACILITY, STATE OF TENNESSEE, CHANCE LEEDS Individually and Officially, KENDRICK SMITH Individually and Officially, STATE OF TENNESSEE GOVENOR BILL LEE, AND OFFICER WILLIAM DELGADO Individually and Officially,<br><br>      Defendants. | Case No. 1:24-cv-01128-STA-jay |

**ORDER DENYING MOTION TO DISMISS WITHOUT PREJUDICE
AND EXTENDING TIME FOR SERVICE OF PROCESS
AND DISMISSING ORDER TO SHOW CAUSE**

Plaintiff filed this action on June 21, 2024, and a summons was issued that same day for all defendants. All defendants except Defendant William Delgado have now been dismissed from the action. (Ords. ECF Nos. 35, 36.) Because the record did not reflect that any attempt had been made to serve Defendant Delgado with process within the requisite time as required by Rule 4(m) of the Federal Rules of Civil Procedure, the Court ordered Plaintiff to provide an explanation as to why Defendant had not been served with process and to show cause why the action as to Defendant should not be dismissed for failure to prosecute. (Ord. ECF No. 37.)

Plaintiff then submitted both a purported executed summons return (ECF No. 38) and a response to the order to show cause. (ECF No. 39.) According to Plaintiff, Defendant Delgado was served with process on September 16, 2024, when the process server left the summons with Delphine Lee, a clerk/correctional officer at Defendant's former workplace, Whiteville Correctional Facility ("WCF"). The return incorrectly identifies Delgado as an inmate at WCF. Plaintiff also filed a motion for Clerk's entry of default (ECF No. 40), which was denied on June 10, 2025. (ECF No. 44.)

Defendant Delgado has filed a motion to dismiss on the grounds of insufficiency of service of process and failure to state a claim upon which relief can be granted pursuant to Rule 12(b)(5) and Rule 12(b)(6) of the Federal Rules of Civil Procedure. (ECF No. 43.) In support of his motion, Defendant argues that the attempted service was insufficient under Rule 12(b)(5). Plaintiff counters that service was effective in that the clerk/correctional officer stated that she was authorized to accept service on Defendant's behalf. Alternatively, Plaintiff requests additional time in which to serve Defendant.

A plaintiff is responsible for having the summons and complaint served upon a defendant within the time period allotted by Rule 4(m). Rule 4(m) sets forth the Court's obligation when the plaintiff fails to timely complete service of process. The Rule provides, in pertinent part:

> If a defendant is not served within 90 days after the complaint is filed, the court — on motion or on its own after notice to the plaintiff — must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

Fed. R. Civ. P. 4(m). If a plaintiff shows good cause, the Court must extend the time for service. *United States v. Oakland Physicians Med. Ctr., LLC*, 44 F.4th 565, 568 (6th Cir. 2022), *cert. denied sub nom. United States & Michigan, ex rel. Mohamad Sy v. Oakland Physicians Med. Ctr., LLC*,

143 S. Ct. 782, 215 L. Ed. 2d 51 (2023). Absent a showing of good cause, a district court should consider the following factors when deciding whether to grant a discretionary extension of time:

> (1) whether an extension of time would be well beyond the timely service of process;
>
> (2) whether an extension of time would prejudice the defendant other than the inherent prejudice in having to defend the suit;
>
> (3) whether the defendant had actual notice of the lawsuit;
>
> (4) whether the court's refusal to extend time for service substantially prejudices the plaintiff, i.e., would the plaintiff's lawsuit be time-barred;
>
> (5) whether the plaintiff had made any good faith efforts to effect proper service of process or was diligent in correcting any deficiencies;
>
> (6) whether the plaintiff is a pro se litigant deserving of additional latitude to correct defects in service of process; and
>
> (7) whether any equitable factors exist that might be relevant to the unique circumstances of the case.

*Oakland Physicians*, 44 F.4th at 569.

In this case, Plaintiff attempted to serve Defendant within the requisite time and made a good faith effort to do so. However, as noted by Defendant, service was not effective because Plaintiff failed to comply with the requirements of Rule 4(e) which provides:

> (e) Serving an Individual Within a Judicial District of the United States. Unless federal law provides otherwise, an individual—other than a minor, an incompetent person, or a person whose waiver has been filed—may be served in a judicial district of the United States by:
>
> > (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> >
> > (2) doing any of the following:
> >
> > > (A) delivering a copy of the summons and of the complaint to the individual personally;
> > >
> > > (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or

> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. Pro. 4(e).

Plaintiff does not claim that Defendant was personally served or that a copy of the summons was let at his "dwelling or usual place of abode." Instead, Plaintiff contends that the clerk/correctional officer purportedly accepting service on Defendant's behalf was his authorized agent. However, Plaintiff has presented no evidence to support this assertion other than the process server's statement that he was told that Daphine Lee, the person accepting service, was authorized. And, Defendant has attached to his motion the affidavit of WCF's warden, Robert Adams, Jr., stating that Defendant's employment at WCF ended on March 7, 2023, and, thus, he was not employed at the facility on September 16, 2024. (ECF No. 43-1.) Moreover, Daphine Lee was not authorized to accept service for any active or terminated correctional officers. (*Id.*)

Accordingly, the Court finds that service of process has not been effectuated as to Defendant Delgado and that Plaintiff has not shown good cause for failing to do so. However, the Court will use its discretion and grant Plaintiff's request to extend the time in which to effectuate service in that Plaintiff made a good faith effort to serve Defendant, and Defendant has not shown that he will suffer any prejudice if the time for service of process is extended. The Court will grant Plaintiff a sixty (60) day extension in which to serve Defendant.

As for the portion of Defendant's motion seeking dismissal under Rule 12(b)(6), Defendant adopts by reference the previous motions to dismiss filed by other defendants and the findings in the order granting the motions to dismiss. The Court will deny the motion without prejudice to allow Defendant to develop the facts and arguments more fully now that the issue of service of process has been resolved.

In summary, the order to show cause is **DISMISSED**, Plaintiff's time to effectuate service of process as to Defendant Delgado is **EXTENDED** by sixty (60) days from the date of this order, and Defendant's motion to dismiss is **DENIED** without prejudice.

IT IS SO ORDERED.

s/ S. Thomas Anderson
S. Thomas Anderson
United States District Judge

Date: August 19, 2025